ELMER ANDERSON ET AL. *v.* ANDREW J. SCHIBI ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 72

Argued October 15, 1975—decided March 12, 1976

*Thomas F. Hogan,* for the appellants (plaintiffs).

*John P. Febbroriello,* for the appellee (defendant A. Charles Savage).

Speziale, J.   The issue in this case is whether the trial court erred in deciding that where both nonresident and resident defendants have been served in the same action, the manner of service of process on the nonresident defendant must be identical to the manner of service on the resident defendant.

By writ, summons and complaint the plaintiffs instituted this action against Andrew J. Schibi and Lena Dietlin, both of the town of Torrington, and A. Charles Savage and J. Ronald Williams, both of the town of Dover Plains, New York.   The complaint alleges tortious acts in Connecticut by defendants residing in both Connecticut and New York.   According to the sheriff's return in this action, the Connecticut defendants were served with process in hand and the New York defendants were served at their usual place of abode.   The nonresident defendants, Savage and Williams, appeared specially, but only the defendant Savage challenged the jurisdiction of the court by a motion to erase.   During argument before the trial court it was agreed by counsel that the court's decision on the motion to erase would be applicable to both nonresident defendants, Savage and Williams. Those defendants claimed that the court lacked jurisdiction because they were not personally served nor was any of their property attached.   The court granted the motion to erase the case from the docket on the grounds that § 52-57a of the General Statutes requires that the manner of service of process on a nonresident defendant be identical to the manner in which the resident defendant is served in an action involving both resident and nonresident defendants.   The plaintiffs have appealed that decision and assign as error the court's conclusion that the manner of service of resident and nonresident defendants must be identical.

A motion to erase a case from the docket can be granted only when it is apparent on the face of the record that the court lacks jurisdiction to entertain the case. Practice Book § 94;[1] *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 526; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123–24. In passing on a motion to erase "[e]very presumption which favors the jurisdiction of the court should be indulged." *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* supra, 124; *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 144. Section 52-57a, which governs service of process without the state, reads, in relevant part, "A person . . . subject to the jurisdiction of the courts of this state . . . may be served with process without the state, *in the same manner* as service is made within the state, by any person authorized to make service by the laws of the state, territory, possession or country in which service is to be made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction." (Emphasis added.)

The questions raised by this appeal involve the meaning and function of § 52-57a. The trial court held that the provision that service without the state may be made "in the same manner as . . . within the state" requires an identical method of service of process on resident and nonresident defendants in the same action. The plaintiffs contend that the meaning of that phrase is to be found in § 52-57 of the General Statutes, which provides methods for serving process on individuals within the state and reads, in relevant part, "Except as

---

[1] "[Practice Book] Sec. 94. ——MOTION TO ERASE Where want of jurisdiction appears on the record, the defect should be raised by a motion to erase from the docket. Thus where the nature of the action or amount in demand shows that the court has no jurisdiction, or where the officer's return shows invalid service, and the like, a motion to erase shall be used."

otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." The defendant does not disagree with that contention but, abandoning the position of the trial court, argues that the motion to erase was properly granted because the record does not reflect that the Litchfield County deputy sheriff who served the process was authorized to do so by the laws of New York.

To answer these questions we must not only construe § 52-57a but also examine its relationship with § 52-59b of the General Statutes, Connecticut's long-arm statute.

The concept of jurisdiction over the person encompasses two separate ideas: a basis for jurisdiction, and, more importantly, fair notice to the defendant. In order for a forum to assert jurisdiction over a person, that person must have certain minimum contacts with the forum so that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316; *McGee* v. *International Life Ins. Co.,* 355 U.S. 220. The notice aspect requires process to be served on the defendant in a manner calculated to notify him that he is being sued and to give him an opportunity to defend himself. *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314.

In our statutory scheme, as it relates to this action, § 52-59b (a) provides the basis for jurisdiction over nonresident defendants. The enactment of that statute was a giant step in expanding Connecticut's jurisdiction over nonresidents and was inspired by the reasoning and underlying principles of decisions such as *International Shoe Co.*

v. *Washington,* supra, and *McGee* v. *International Life Ins. Co.,* supra. *Gandolfo* v. *Alford,* 31 Conn. Sup. 417, 422; see 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 26, p. 96; James, Civil Proc. (1965), pp. 636–53. The function of § 52-57a, which was enacted at the same time as § 52-59b, is related solely to the physical process of giving the nonresident defendant notice of the suit. In addition, § 52-59b (c) provides a method of giving the nonresident defendant notice through the secretary of state as statutory agent for service of process in actions under § 52-59b (a). The nonresident defendant Savage originally relied on § 52-59b (c) as the basis for his motion to erase, arguing that it provided the sole method of serving process on out-of-state defendants. It is clear that § 52-59b (c) provides only one of many methods of giving notice and is not exclusive. See *Property Owners Assn. at Suissevale, Inc.* v. *Sholley,* 111 N.H. 363, 364. If process is correctly served in a manner prescribed by § 52-57a, the Connecticut court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute.

The question of the meaning of the "same manner" provision of § 52-57a is one of first impression. The statute is similar to many statutes providing methods of giving notice to nonresident defendants enacted by other states along with their long-arm statutes.[2] New York, for example, has the same phrase in its notice statute. N.Y. Civ. Prac. Law and Rules § 313 (McKinney 1972). The New York courts consider the meaning of the phrase self-evident, namely, "that service outside of New York under that provision could be effected 'in any

---

[2] See, e.g., Me. Rev. Stats. Ann. title 14, § 704; Me. Civil Practice Rules, Rule 4 (e); N.H. Rev. Stats. Ann. § 510:4; N.Y. Civ. Prac. Law and Rules § 313 (McKinney 1972); Vt. Rules of Civil & App. Proc., Rule 4 (e); Code of Va., § 8-81.3.

manner that is permitted within the state.' " *Dobkin* v. *Chapman,* 21 N.Y.2d 490, 501; *Davis* v. *Gahan,* 227 F. Sup. 867, 871 (S.D. N.Y.).

We, too, rely on the plain language of § 52-57a. When service is authorized to be made outside Connecticut, the same methods of service may be used as those which are lawful within this state. No attention need be paid to the requirements of the foreign state or country regarding service of process. The methods for serving process in civil actions in Connecticut are found in § 52-57. Under § 52-57 there are two methods for in personam service: (1) personal service, by actual manual delivery to the defendant himself or (2) abode service, by leaving a copy of the process at the defendant's usual place of abode. *Smith* v. *Smith,* 150 Conn. 15, 19. The methods may be used alternatively and the process server does not have to attempt manual service before using the abode method. Stephenson, 1 Conn. Civ. Proc. (2d Ed.) § 103, p. 415. Section 52-57 does not require that resident defendants be served in the identical manner in actions where there is more than one resident defendant. Such a requirement cannot be read into § 52-57a simply because that statute uses the words "in the same manner as . . . within the state." That language in § 52-57a (out-of-state defendants) means that the methods of service of process authorized by § 52-57 (resident defendants) may be used to serve process on a defendant without the state. Since either personal or abode service of process may be utilized for resident defendants, the same is true for nonresident defendants.

The complaint clearly alleges a cause of action falling within § 52-59b (a) (2) so that the nonresident defendants are subject to the jurisdiction of our courts. The sheriff's return indicates that a true and attested copy of the original writ, sum-

mons and complaint was left at the usual place of abode of each New York defendant. Under § 52-57a and § 52-57 that was a permissible method of serving process on the nonresident defendants to obtain in personam jurisdiction. *Heyman* v. *Kline,* 344 F. Sup. 1081, 1087 (D. Conn.); *Smith* v. *Smith,* supra, 19–20. Reviewing the record, to which the court is limited by a motion to erase, there is nothing to indicate that the court lacked jurisdiction over the nonresident defendants.

We think it is necessary to dispose of the defendant's contention that the motion to erase was nevertheless properly granted, albeit for the wrong reason, because the record does not reflect that process was served "by any person authorized to make service by the laws" of New York as required by § 52-57a. That contention raises matters outside the record and should have been properly pursued in the trial court by a plea in abatement. Practice Book § 93;[3] *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339–40. Since the lack of jurisdiction was raised by a motion to erase, the court is required to indulge in every presumption which supports jurisdiction. *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 124. We may fairly presume that service was made by a person authorized to do so under New York law. Further, under General Statutes § 52-163,[4] we may take judicial notice of New York Civil Practice Law and Rules, Rule 2103 (McKin-

---

[3] "[Practice Book] Sec. 93. ——PLEA IN ABATEMENT. Matters in abatement of an action may be raised by plea in abatement. Where the ground of abatement is want of jurisdiction and facts are relied upon which do not appear in the record, a plea in abatement shall be used rather than a motion to erase."

[4] "[General Statutes] Sec. 52-163. PRINTED STATUTES OF OTHER STATES, SPECIAL ACTS OF THIS STATE AND MUNICIPAL ORDINANCES. Printed books or pamphlets purporting on their face to be the session or other statutes of the several states and territories in the United States or of any foreign jurisdiction, and to have been

ney 1963), which provides that "papers may be served by any person not a party of the age of eighteen years or over." The parties have stipulated before us that the Connecticut sheriff who served the process in New York was over the age of eighteen years. By virtue of that stipulation, it becomes evident that § 52-57a was complied with in full.

There is error, the judgment as to the nonresident defendants is set aside and the case is remanded with direction to deny the motion to erase from the docket.

In this opinion D. SHEA and SPONZO, Js., concurred.

printed by authority of the state, territory or jurisdiction enacting the same, or proved to be commonly recognized in its courts, and the private or special acts of this state, and the ordinances of any town, city or borough in this state shall be prima facie evidence, and the courts shall take judicial notice of them."