[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss the complaint on the ground that plaintiff failed to properly serve process under General Statutes 52-62, and, therefore, that the court lacks in personal jurisdiction.
Plaintiff Albert R. Grenon, a resident of the State of Connecticut, filed a three-count complaint dated January 9, 1992 against defendant Mark J. Duclos, a resident of the State of Massachusetts. Plaintiff alleges that on or about January 12, 1990, defendant was operating his motor vehicle in Suffield, Connecticut when he struck the vehicle that plaintiff was operating, thereby causing plaintiff to suffer serious injuries and losses. In count one, plaintiff alleges negligence. In count two, plaintiff alleges wanton and reckless misconduct, and, in count three, plaintiff alleges statutory recklessness.
On January 10, 1992, plaintiff served the writ, summons and complaint upon the defendant by way of a Deputy Sheriff of Hampden County, Massachusetts. In the sheriff's affidavit, which is attached to the complaint, Deputy Sheriff Jorge Diaz attests that he is "authorized to serve civil process under the laws of the Commonwealth of Massachusetts" and that he made service on the defendant "by leaving said service at the last and usual place of abode of Mark J. Duclos with his wife to wit 52 Briarcliff Dr. Feeding Hills MA."
On February 13, 1992, defendant filed his appearance. On March 11, 1992, pursuant to Practice Book 142 et seq., defendant filed a motion to dismiss plaintiff's action accompanied by a memorandum of law in support thereof. Defendant moves to dismiss on the ground that he was not properly served in accordance with General Statutes 52-62 and, therefore, the court lacks jurisdiction over him.
On April 13, 1992, pursuant to Practice Book 142 et seq., plaintiff filed an objection to defendant's motion to dismiss accompanied by a memorandum of law in opposition.
Defendant filed a reply memorandum dated April 24, 1992.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka CT Page 6462 v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). Practice Book 143 provides that "[t]he motion to dismiss shall be used to assert. . . (2) lack of jurisdiction over the person, . . . and (5) insufficiency of service of process." Practice Book 143. "Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." Castro v. Viera, 207 Conn. 420, 433-34, 541 A.2d 1216
(1988). "`The concept of jurisdiction over the person encompasses two separate ideas: a basis for jurisdiction, and, more importantly, fair notice to the defendant.'" Cato v. Cato, 27 Conn. App. 142,147, 605 A.2d 558, cert. granted, 222 Conn. 906,___ A.2d ___ (1992), quoting Anderson v. Schibi, 33 Conn. Sup. 562,565, 364 A.2d 853 (App. Sess. 1976).
In defendant's memorandum of law in support of his motion to dismiss, defendant argues that plaintiff failed to properly serve process on the defendant in accordance with General Statutes 52-62 (c). Defendant further argues, in his reply memorandum, that the language of 52-62 (c) is mandatory, but fails to cite any case law in support of this proposition. Rather, defendant relies on the use of the word "shall" in subsection (c) of 52-62 to support his statutory interpretation.
In plaintiff's memorandum of law in opposition to the motion to dismiss, plaintiff agrees that he has not complied with General Statutes 52-62 but contends that "the requirements of. . . section 52-62 for serving a nonresident are not mandatory." Rather, plaintiff argues that the service provisions of General Statutes52-57a are applicable in the case at bar and have been satisfied by the plaintiff.
General Statutes 52-62, which originated in 1925, provides in relevant part:
 (a) any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the CT Page 6463 nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state be served upon the commissioner and shall have the same validity as if served upon the nonresident personally.
. . . .
 (c) Process in such civil action against a nonresident shall be served by the officer to whom the process is directed upon the commissioner of motor vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon the commissioner, addressed to the defendant or representative at his last-known address. The officer serving the process upon the commissioner of motor vehicles shall leave with the commissioner, at the time of service a fee of five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in the action. The commissioner of motor vehicles shall keep a record of each such process and the day and hour of service.
(Emphasis added). General Statutes 52-62 (a), (c).
General Statutes 52-57a ("Service of process without state upon persons domiciled or subject to jurisdiction of courts in state") provides:
 A person domiciled in or subject to the jurisdiction of the courts of this state or his executor or administrator, may be served with process without the state, in the same manner as service is made within the state, by any person authorized to make service by the laws of the state, territory, possession or country in which service is to be made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction.
CT Page 6464
General Statutes 52-57a. General Statutes 52-57a
was enacted in 1969 as a companion section to General Statutes 52-59b, Connecticut's long-arm statute. Section 52-59b(a) enumerates when the courts of this state would have jurisdiction over a nonresident individual, and provides in relevant part:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual. . . who in person or through an agent: . . . (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act. . . .
General Statutes 52-59b(a). General Statutes52-59b(c) provides a method for serving process on a nonresident individual who is subject to the jurisdiction of our courts pursuant to 52-59b(a):
 (c) Any nonresident individual. . . over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual. . . may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual. . . personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the secretary. The officer serving such process upon the secretary shall leave with the secretary, at the time of service, a fee of ten dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in any such action. The secretary of the state shall keep a record of each such process and the day and hour of service.
CT Page 6465
(Emphasis added). General Statutes 52-59b(c)
The appellate session in Anderson v. Schibi,33 Conn. Sup. 562, 364 A.2d 853 (App. Sess. 1976), analyzed the relationship between General Statutes52-57a and 52-59b(c). In Anderson, the plaintiffs alleged that tortious acts were committed in Connecticut by residents of both Connecticut and New York. Id., 563. Plaintiffs served process on the nonresident New York defendants at their usual place of abode. Id. At the trial court level, a motion to erase was granted on grounds not relevant to the case at bar, and plaintiffs appealed to the appellate session of the superior court. Id.
On appeal, the appellate court discussed the meaning of 52-57a and its relationship with 52-59b, the long-arm statute:
 [Section] 52a-59b(a) provides the basis for jurisdiction over nonresident defendants. . . . The function of 52-57a, which was enacted at the same time as 52-59b, is related solely to the physical process of giving the nonresident defendant notice of the suit. In addition, 52-59b(c) provides a method of giving the nonresident defendant notice through the secretary of state as statutory agent for service of process in actions under 52-59b(a). The nonresident defendant. . . originally relied on 52-59b(c) as the basis for his motion to erase, arguing that it provided the sole method of serving process on out-of-state defendants. It is clear that 52-59b(c) provides only one of many methods of giving notice and is not exclusive. See Property Owners Assn. at Suissevale, Inc. v. Sholley, 111 N.H. 363, 364. If process is correctly served in a manner prescribed by 52-57a, the Connecticut court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute.
Id., 565-66. Accord Hyman v. Kline, 344 F. Sup. 1081,1086-87 (D.Conn. 1970). The court held that plaintiffs' service was proper under 52-57a. Id., 569. See also Cato v. Cato, 27 Conn. App. 142, A.2d ___, cert. granted, 222 Conn. 906, ___ A.2d CT Page 6466 (1992) (holding that General Statutes 46b-46, Connecticut's domestic relations long-arm statute, does not mandate service of process only by an order of notice, id., 144-45, and that process was correctly served pursuant to General Statutes 52-57a
"giving the court personal jurisdiction over the defendant, a nonresident, in an action brought under the long-arm statute 46b-46 (b)." id., 147).
Under the appellate session's holding in Anderson v. Schibi, supra, there are many methods of serving process on a nonresident defendant. The legislature has provided plaintiffs with a method of service under 52-59b(c) when a claim is brought under the long arm statute, 52-59b. However, Anderson v. Schibi holds that the method of service set forth in 52-59b(c) is not the exclusive method of service on nonresident defendants who are subject to the jurisdiction of our courts pursuant to52-59b(a). See Anderson, supra, 566. Anderson holds that 52-57a provides another method of service on nonresident defendants: "In the same manner as service is made within the state, by any person authorized to make service by the laws of the state. . . in which service is to be made. . . ." General Statutes 52-57a.
The legislature has provided yet another method of service on nonresident defendants who are alleged to have negligently operated a motor vehicle in Connecticut. See General Statutes 52-62 (a), (c). However, just as the method set forth in 52-59b(c) is not an exclusive method of service on nonresident defendants subject to the jurisdiction of our courts, the method of service on nonresident motorists provided for in 52-62 is similarly not exclusive.[1]
In the case at bar, plaintiff argues that he may serve process on the nonresident defendant pursuant to General Statutes 52-57a and that he has fully complied with its requirements. This court finds that the method of service provided under 52-57a may be utilized by the plaintiff in the case at bar because the defendant is "subject to the jurisdiction of the courts of this state" pursuant to subsection (a)(2) of the long-arm statute which encompasses nonresident defendants who commit tortious acts within the state. See General Statutes52-59b(a)(2). CT Page 6467
The plaintiff has satisfied the service requirements of 52-57a. Plaintiff served the defendant in Massachusetts "in the same manner as service is made within the state." General Statutes52-57a. Service of process in civil actions is governed by General Statutes 52-57 which provides in relevant part: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode. . ." General Statutes52-57 (a). In the case at bar, the sheriff's "affidavit" or return reveals that abode service was made on the defendant. The second requirement of52-57a is also satisfied in that service was made by a deputy sheriff of Hampden County, Massachusetts who attests, in his affidavit, that he is authorized to serve process under the laws of Massachusetts. We conclude that plaintiff has fulfilled the service requirements of 52-57a. Accordingly, defendant's motion to dismiss is denied.
MARY R. HENNESSEY, Judge