[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants Kimberly Fehrs and Richard Butler challenge the jurisdiction of this Court over them through their Motion to Dismiss. In their motion, the defendants argue that since the location of their apartment renders them residents of the State of New York, and not Connecticut, the service of abode process by a sheriff of Connecticut, rather than a process server or New York, constitutes insufficient service of process, and thus vitiates the jurisdictional basis of this Court to hear this case.
From the evidence presented at the hearing on the Motion to Dismiss the court finds the facts as stated hereinafter. The apartment which plaintiff Riverdale Associates leased to defendants Kimberly Fehrs and Richard Butler is located on the second floor of a house situated on the border of Connecticut and New York. The apartment consists of 540 square feet, 128 of which is physically in Connecticut, the remainder of which is physically in New York. The only means of entry and exit from the CT Page 14684 apartment is through the first-floor outside front door which is located in New York. Although the apartment has no back door, if there were a back door, it would be situated in Connecticut. The outside front door, located in New York, opens into a vestibule. Also opening into the vestibule is the front door to the defendants' apartment. The opening of this interior front door discloses a private stairway leading from the first and ending on the second floor of the apartment.
A Connecticut sheriff served the notice to quit by leaving it under the defendants' interior front door, and served the writ, summons and complaint in this summary process action by placing two copies of said process in defendant Richard Butler's hands. In addition, the sheriff placed in said defendant's hands two copies of the writ, summons and complaint in a related civil action which seeks damages for breach of lease.[1]
The manner in which service of process is authorized in this state is governed by Conn. Gen. Stat. § 52-57(a) which states in material part that
 [e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.
Thus, if the defendants' abode is in this state, the method of abode service utilized by the sheriff in this case would constitute service sufficient to confer jurisdiction over the defendants. If the defendants' abode is situated in New York, thus rendering the defendants non-residents, a court in Connecticut may acquire personal jurisdiction over the defendants pursuant to Conn. Gen. Stat. § 52-57a or § 52-59b, provided sufficient minimum contacts are present to satisfy constitutional considerations. Standard TallowCorporation v. Jowdy, 190 Conn. 48, 53 (1983).[2]
Connecticut General Statutes Section 52-57a states in material part that
[a] person . . . subject to the jurisdiction of the CT Page 14685 courts of this state . . . may be served with process without the state, in the same manner as service is made within the state, by any person authorized to make service by the laws of the state . . . in which service is to be made. . . .
Assuming from the defendants' contention that they are residents of New York, this court must turn next to that law in New York which authorizes service. The law of New York in this regard permits in-hands and abode service ". . . by any person not a party of the age of eighteen years or over." New York Civil Practice and Rules, Rule 2103. It is clear from the evidence presented at the hearing that the sheriff made in-hands service upon defendant Richard Butler and abode service upon defendant Kimberly Fehrs. It is further clear that the sheriff is more than eighteen years of age. This court finds that the service thus made also conforms to Conn. Gen. Stat. § 52-59b, known as the Connecticut long-arm statute, since the lease and occupancy of the premises meet its transaction test. The following quotation is instructive in this regard.
 If process is correctly served in a manner's prescribed by 52-57a, the Connecticut Court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute.
 Anderson v. Schibi, 33 Conn. Sup. 562, 566
(1976).
Thus, whether the defendants are viewed as residents of Connecticut or New York, it is clear and the court so finds that process in this case was served properly in accordance with the authorization provided by law, and that the defendants are subject its jurisdiction.
Accordingly, the defendants' Motion to Dismiss is denied.