[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO RECONSIDER AND REARGUE
The court finds the issue on reconsideration to be whether plaintiff s service of a civil complaint, upon that part of defendants' residence situated in the state of New York, satisfies the service requirements of Connecticut law and allows this court to retain jurisdiction over the case. After reviewing the record, the court finds that the plaintiff did comply with Connecticut law in making abode service, inasmuch as the Connecticut sheriff served the process, first by placing it under the defendants' door and then handing it to an adult person in the entryway of the defendants' apartment.
Connecticut General Statutes Section 52-59b provides Connecticut courts with in personam authority over out-of-state persons. As long as "process is correctly served in a manner prescribed by 52-57a, the Connecticut court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute." Anderson v. Schibi, 33 Conn. Sup. 562,566 (1976). The plain language of Conn. Gen. Sec. 52-57a
authorizes service outside of Connecticut using the same methods of service used within Connecticut and "[n]o attention need be paid to the requirements of the foreign state or country regarding service of process."Id. at 567. Conn. Gen. Stat. Sec.52-57 (a) allows service on the person or on the abode.[1]
In the present case, service was made by a Connecticut sheriff on an unnamed man at the entrance to the defendants' premises. In effect, this service was abode service. If the man CT Page 2840 had not been present to receive the complaint,[2] the sheriff would have left the documents under the door. Leaving the documents under the door, the way the sheriff served the original notice to quit, is a valid manner of providing abode service. Indeed, the court in Pozzi v. Harney, 24 Conn. Sup. 488, 489
(1963), found that "leaving the notice halfway under the door was sufficient to create a high probability that defendant would receive it." A complaint left at the "usual place of abode of each New York defendant . . . [u]nder 52-57a and 52-57 . . . was a permissible method of serving process on the nonresident defendants to obtain in personam jurisdiction." Anderson v.Schibi. supra. 568. While Conn. Gen. Stat. Sec. 52-57a allows Connecticut law to govern the manner of service of process, it does require that the server be authorized to serve under the laws of the state of service. Under New York Civil Practice and Rules, Rule 2103(a), process may be served "by any person not a party of the age of eighteen years or over." Clearly, the adult sheriff that served the defendants satisfies the New York law.
For the foregoing reasons and upon the foregoing authority, the court reaffirms its decision denying the defendants' motion to dismiss.
Clarance J. Jones, Judge