[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Dr. Gary Plotkin, a defendant, moves to dismiss the third count of the complaint, which count pertains to him, for absence of personal jurisdiction over him because of insufficient service of process under a Connecticut "long arm" statute, G.S. §52-59b.
The plaintiff sues several parties, including Plotkin, based on allegations of medical malpractice. There is no dispute as to the following facts: Plotkin resides outside Connecticut and is alleged to have engaged in activity which brings him within the purview of the long arm statute. Because the plaintiff could not discover a residential address, the plaintiff requested and obtained an order of notice from the clerk of the court to send notice of this action to Plotkin at the headquarters of National Emergency Services, Inc. (NES) in Raleigh, North Carolina, which company the plaintiff believed employed Plotkin at the time suit commenced. A copy of the writ, summons, and complaint was sent by certified mail to NES headquarters. Plotkin is not presently employed by NES nor did he ever work at NES headquarters in Raleigh. The plaintiff never served Plotkin through the Secretary of State's office.
Plotkin claims that service of process was insufficient because the Raleigh address to which the notice was sent was not his address and because service upon the Secretary of State is mandated by § 52-59b(c). The plaintiff contends that the Raleigh location was Plotkin's last known business address and that failure to serve the Secretary of State was a minor irregularity which did not defeat adequate service under the statute.
The plaintiff offers the case of D'Occhio v. Connecticut RealEstate Commission, 189 Conn. 162 (1983) in support of its claim of sufficient service under § 52-59b(c). That case is inapposite. That matter involved a second, derivative lawsuit in which a defendant attempted a collateral attack on an earlier judgment against a different defendant from which judgment derivative liability arose. The later defendant sought to overturn the earlier judgment by asserting that personal jurisdiction over the previous defendant, a nonresident individual, was lacking because the Secretary of State had not CT Page 3581 been served and notice of the suit was mailed to that defendant's wife's address.
Our Supreme Court held that notice of process to the previous defendant's wife passed constitutional muster and satisfied the last known address mailing requirement of the long-arm statute.Id., 171 and 172. As to the absence of service upon the Secretary of State's office, the Court noted that that omission merely rendered the judgment voidable not void. Id., 172. Because voidable judgments are immune from collateral attack, the defendant in the derivative action could not raise this noncompliance with the long-arm statute in the later suit. Id.
The D'Occhio decision never addressed the issue of whether failure to serve process upon the Secretary of State's office would constitute grounds for dismissal if timely raised by the nonresident defendant who was the object of the constructive service.
Section 52-59b(c) permits constructive service by way of service upon the Secretary of State's office as to nonresident individuals whose activities come within those set forth in the long-arm statute. That office is deemed agent for service of the nonresident in such cases. Service upon that office must occur "at least twelve days before the return day". A copy of such process must also be mailed to the nonresident "at his last-known address" by registered or certified mail with an endorsement by the server that process was served upon the Secretary of State's office. Service on that office "shall have the same validity as if served upon the nonresident . . . personally".
Clearly, § 52-59b(c) establishes that suits under the long-arm statute are commenced against nonresident individuals by service upon the Secretary of State's office and by mailing a copy with endorsement to the last-known address of the nonresident, unless service is made by some other lawful manner such as in hand in Connecticut. Our Supreme Court has observed with respect to a very similar scheme that the "leaving of a copy with or at the office of the commissioner and the sending of a copy to the defendant are by the statute both made a part of the service of the process and are linked up in such a way that the legislature obviously regarded them as parts of one act". Hartleyv. Vitiello, 113 Conn. 74, 79 (1931).
Consequently, the failure to leave process with the Secretary of State's office is no service at all under § 52-59b(c). CT Page 3582 Personal jurisdiction over Plotkin is lacking. Hyde v. Richard,145 Conn. 24, 25 (1958), and the motion to dismiss is granted.Knipple v. Viking Communications, 236 Conn. 602, 607 (1996).
Sferrazza, J.