[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before this court on defendant's motion to dismiss the complaint.
On May 24, 1999, the plaintiff, Glen Reeves, filed a three count complaint against the defendant, James Battle, seeking money damages for injuries sustained as a result of the alleged tortious conduct of the defendant.
The defendant's attorney filed an appearance on June 24, 1999. On June 29, 1999, the defendant filed a motion to dismiss the plaintiff's complaint on the ground of insufficiency of service of process in that process was not properly served upon the defendant, a non-resident of Connecticut. The plaintiff filed an objection to the defendant's motion to dismiss on July 16, 1999.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. "The motion to dismiss shall be used to assert . . . (5) insufficiency of service of process." Practice Book § 10-31; Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "It is well established that hun ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407,410-11, 722 A.2d 271 (1999).
In support of his motion to dismiss, the defendant argues that this court lacks personal jurisdiction over him because the plaintiff failed to effect proper service of process. Specifically, the defendant contends that since he was a nonresident defendant when the plaintiff commenced this action, the plaintiff was required, under General Statutes 52-59b (c), to serve process upon the Secretary of the State of Connecticut.
According to the Sheriff's Return, the defendant was mailed a true and attested copy of the writ, summons and complaint, as well as a copy of the Application for First Order of Notice and the First Order of Notice, at his California address on May 5, 1999, by way of registered mail, return receipt. This form of CT Page 11534 notice was ordered by the court on May 19, 1999. The defendant acknowledges receipt of said documents, but contends that since the plaintiff failed to fully comply with § 52-59b (c), service of process was insufficient.
There are many methods of serving process on a nonresident defendant. General Statutes § 52-57a provides the basis for jurisdiction over nonresident defendants. "A person domiciled in or subject to the jurisdiction of the courts of this state . . . may be served with process without the state, in the same manner as service is made within the state. . . ." General Statutes §52-57a. "When service is authorized to be made outside Connecticut, the same methods of service may be used as those which are lawful within this state. . . . [This includes] (1) personal service, by actual manual delivery to the defendant himself or (2) abode service, by leaving a copy of the process at the defendant's usual place of abode." Anderson v. Schibi,33 Conn. Sup. 562, 567, 364 A.2d 853 (App. Sess. 1976). "If process is correctly served in a manner prescribed by § 52-57a, the Connecticut court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute." Id.;Pelletier v. Goodnoff, e45 Conn. Sup. 563, 565, 727 A.2d 277
(1998), affirmed, 52 Conn. App. 360, 727 A.2d 229 (1999).
Section 52-59b, the Connecticut long-arm statute, provides in relevant part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent . . . (2) commits a tortious act within the state. . . ." General Statutes § 52-59b (a). Section 52-59b (c) provides an alternate method of serving process on a nonresident defendant. Section 52-59b (c) states in pertinent part: "Any nonresident individual . . . over whom a court may exercise jurisdiction, as provided in subsection (a), shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual . . . personally." (Emphasis added.) General Statutes § 52-59b (c).
"It is clear that § 52-59b (c) provides only one of many methods of giving notice [to nonresident defendants] and is not exclusive." Anderson v. Schibi, supra, 33 Conn. Sup. 566; see also Grenon v. Duclos, Superior Court, judicial district of CT Page 11535 Hartford/New Britain at Hartford, Docket No. 60671 7 (July 6, 1992, Hennessey, J.). "Clearly, § 52-59b (c) establishes that suits under the long-arm statute are commenced against nonresident individuals by service upon the Secretary of State's office and by mailing a copy with endorsement to the last-known address of the nonresident, unless service is made by some other lawful manner such as in hand in Connecticut." (Emphasis in original.) Frechette v. Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 056480 (March 27, 1998, Sferrazza, J.) (21 Conn. L. Rptr. 516). "Where service [is] not made in hand, our law then requires abode service to be made at the usual place of abode to vest personal jurisdictionunless an order of notice had been ordered, permittingpublication or mail service." (Emphasis added.) Ashley v. NutmegFarms, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057727 (April 28, 1998, Flynn, J.).
In the present case, the complaint clearly alleges a cause of action falling within § 52-59b (a)(2), such that the nonresident defendant is subject to the jurisdiction (the courts of Connecticut. As previously stated, the Sheriff's Return indicates that a true and attested copy of the original writ, summons and complaint, as well as the Application for the First Order of Notice and the First Order of Notice, was mailed to the defendant, registered mail and return receipt. The return of service card shows that service was made on the defendant as directed and that the defendant received a true and attested copy of the process on May 20, 1999. This was a permissible method of serving process on the defendant as per order of the clerk of the Superior Court, dated May 19, 1999. The court concludes that the defendant received proper service of process. The method of serving process on nonresident defendants provided in § 52-59b
(c) was simply an alternative that the plaintiffs chose not to utilize. As such, the defendant's motion to dismiss must be denied.
The court need not address the additional issues raised by the plaintiff in his Objection to the Defendant's Motion to Dismiss.
The Motion to Dismiss is denied.
Mihalakos, J. CT Page 11536