[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
This is an action for wrongful discharge brought by the plaintiff against the defendants pursuant to Section 46a-100, et seq. of the General Statutes.
The defendants have filed a motion to dismiss due to alleged jurisdictional defects in the complaint.
On May 4, 2000, the plaintiff filed a one-count complaint against the defendants, SMR Management (SMR), Connecticut Physical Therapy, LLC (CPT), Robert Recklett and Josephine Ballard.[1] The plaintiff alleges that on August 9, 1998, she was fired from her job with the defendants SMR and CPT, as a result of discrimination based on her pregnancy. On July 7, 2000, the defendants, Josephine Ballard, SMR and Robert Recklett (collectively, the defendants) filed a motion to dismiss. In response, on September 9, 2000, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss. This motion is now before the court.[2]
CT Page 3160
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31; see also Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, (1988).
It is a "well-established principle that every presumption favoring jurisdiction should be indulged." Connecticut Light Power Co. v.Costle, 179 Conn. 415, 421 n. 3, 426 A.2d 1324 (1979). "In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . ." (Citations omitted; internal quotation marks omitted.)Thomas v. City of West Haven, 249 Conn. 385, 392, 734 A.2d 535 (1999), cert. denied, ___ U.S. ___, 120 S.Ct. 1239, 146 L.Ed.2d 99 (2000).
In the present case, Ballard and SMR argue that service was defective because it lacked an endorsement as required by General Statutes §52-59b (c). "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process. (Internal quotation marks omitted.) Kim v. Magnotta, 249 Conn. 94, 101,733 A.2d 809 (1999). "When service is authorized to be made outside Connecticut, the same methods of service may be used as those which are lawful within this state. Anderson v. Schibi, 33 Conn. Sup. 562, 567,364 A.2d 853 (1976). "It is clear that 52-59b (c) provides only one of many methods of giving notice and is not exclusive."[3] (Emphasis added.) Id., 566. For example, General Statutes § 52-57 provides that a defendant in a civil action may be served by either personal or abode service. Smith v. Smith, 150 Conn. 15, 19, 183 A.2d 848 (1962); Andersonv. Schibi, supra, 33 Conn. Sup. 567.
In the present case, the service of process upon Ballard and SMR was valid. A New York process server, by hand delivery, and a Fairfield County deputy sheriff, by certified mail, served Ballard. (Memorandum in opposition, Exhibits 9, 10.) Similarly, a New York process server and a Fairfield County deputy sheriff served SMR. (Memorandum in opposition, Exhibits 8, 10.) Because these defendants were properly served by a valid CT Page 3161 method other than the one proscribed in General Statutes § 52-59b
(c), this court has personal jurisdiction over Ballard and SMR. Andersonv. Schibi, supra, 33 Conn. Sup. 567.
Second, SMR argues that it was never served at all. Rather, a corporation referred to as SMR Managment, Inc., was the alleged recipient of whatever notice may have been sent.[4] "The chief purpose of service is to ensure actual notice that an action is pending. . . ." Genung'sInc. v. Rice, 33 Conn. Sup. 554, 558, 362 A.2d 540, cert. denied,171 Conn. 739, 358 A.2d 700, cert. denied, 429 U.S. 929, 97 S.Ct. 336,50 L.Ed. 300 (1976). As indicated above, a New York State process server and a Fairfield County deputy sheriff served SMR. (Memorandum in opposition, Exhibits 8, 10.) Additionally, Ballard stated, in her own affidavit, that "[b]oth SMR and I were served with a copy of the Writ, Summons and Complaint. . . ." (Ballard Affidavit, ¶ 11.) There is no indication that SMR believed that it was not an intended defendant in this lawsuit. Accordingly, because SMR received actual notice of this pending lawsuit, it is submitted that this court has personal jurisdiction over it.[5]
Third, Ballard and SMR argue that they have insufficient contacts with Connecticut to support the assertion of jurisdiction. "[I]n order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" (Emphasis in original.)International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154,90 L.Ed. 95 (1945); see also Standard Tallow Corporation v. Jowdy,190 Conn. 48, 51-52, 459 A.2d 503 (1983). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (Internal quotation marks omitted.) Burger King Corp. v. Rudzewicz. 471 U.S. 462,475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "[A] determination of whether sufficient minimum contacts with Connecticut exist is a fact question."Standard Tallow Corporation v. Jowdy, supra, 190 Conn. 56.
In the present case, both Ballard and SMR have sufficient "contacts with Connecticut to support the assertion of personal jurisdiction. In her affidavit, the plaintiff states that she was employed by SMR and worked in Connecticut. (Plaintiff's affidavit, ¶¶ 2, 4.) She also states that, in addition to being her boss, Ballard routinely traveled to Connecticut. (Plaintiff's affidavit, ¶ 4.) Accordingly, by having employees in Connecticut, SMR has purposefully availed itself of the privilege of conducting business within Connecticut. Burger King Corp. v.Rudzewicz, supra, 471 U.S. 462, 475; see also Hill v. W.R. Grace Co.,42 Conn. Sup. 25, 32, 598 A.2d 1107 (1991) (finding that the defendant's CT Page 3162 physical presence, manufacturing of goods and having employees in Connecticut is sufficient to confer jurisdiction.) Similarly, by routinely traveling in Connecticut, and thereby being physically present, Ballard has sufficient minimum contacts with the State. By taking the evidence offered by the plaintiff as true and interpreting it in the light most favorable to the plaintiff, the court has jurisdiction over SMR. Thomas v. City of West Haven, supra, 249 Conn. 392
Fourth, Ballard and Recklett argue that they both were acting in their representative capacities with respect to this matter and are not themselves, directly or indirectly, the plaintiff's employer. In response, the plaintiff argues that she is suing Ballard and Recklett in their personal capacities under the theory of pregnancy discrimination.[6] General Statutes § 46a-51 (10) defines "employer" as "any person or employer with three or more persons in his employ." Further, General Statutes §46a-60 prohibits an employer from engaging in discriminatory employment practices. Despite the defendant's argument, a motion to dismiss is not the proper vehicle to make this assertion. The grounds which may be asserted in a motion to dismiss are lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process. Zizkav. Water Pollution Control Authority, supra, 195 Conn. 687. Ballard's and Recklett's assertion that they are not "employers," as defined by General Statutes § 46a-51 (10), does not fall within one of the aforementioned grounds for dismissal.[7] Accordingly, the defendant's motion to dismiss should be denied as to this ground as well.
Finally, the defendants argue that the court does not have subject matter jurisdiction to hear this case. Specifically, the defendants argue that they were not respondents in the underlying administrative proceedings and, therefore, unaffected by the CCHRO's release of jurisdiction. General Statutes § 46a-101 (a) provides that "[n]o action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section."[8] Because the individual defendants were not named in the administrative action, there is no reason for them to be released. The question then becomes whether they were required to be named, thus implicating the court's subject matter jurisdiction, because the plaintiff failed to exhaust administrative remedies.
In the present case, although Ballard and Recklett were not parties in the CCHRO proceeding, the plaintiff may still bring a cause of action against them in their individual capacity for pregnancy discrimination. A cause of action does not exist under General Statutes § 46a-100 for the plaintiff against Ballard and Recklett in their individual CT Page 3163 capacities. Accordingly, she is not required to file an administrative complaint against the two individuals first. Indulging the presumption that the plaintiff seeks to sue Ballard and Recklett in their individual capacities, this court has subject matter jurisdiction over these claims. Connecticut Light Power v. Costle, supra, 179 Conn. 421 n. 3.
The court further finds that SMR was a party in the prior administrative proceeding. It is apparent, on the face of the CCHRO's reasonable cause finding, that SMR was a named respondent. (Memorandum in opposition, Exhibit 6, p. 1.) Furthermore, the plaintiff was successful in obtaining a release of jurisdiction to bring suit against SMR. (Memorandum in opposition, Exhibit 7, p. 1.) See General Statutes §46a-100. Accordingly, SMR's argument that it was not a party is unpersuasive.
For the foregoing reasons, the motion to dismiss is hereby denied.
By the Court,
Joseph W. Doherty, Judge