RAYMOND PELLETIER ET AL. *v.*
BELLA GOODNOFF ET AL.*

Superior Court                         File No. 96-077959S

Judicial District of Middlesex

Memorandum filed February 27, 1998

*Paul D. Buhl*, for the plaintiffs.

*Howard & McMillan*, for the defendants.

ARENA, J. On March 28, 1995, the defendants, Bella Goodnoff and Andrea Goodnoff, entered into a contract to purchase real estate from the plaintiffs, Raymond Pelletier and Maureen Pelletier. Pursuant to the contract, the defendants placed $19,250 in escrow as a deposit. The purchase and sale agreement contained a mortgage contingency clause under which the agreement would be terminated and the deposit returned to the defendants if they were unable to obtain financing with reasonable efforts and due diligence. The original agreement gave the defendants until June 6, 1995, to obtain financing. The date was twice extended by agreement, first to July 7, 1995, and later to July 21, 1995. On July 7, 1995, the defendants attempted to exercise their right to terminate the agreement under the mortgage contingency clause, claiming that despite reasonable efforts they were unable to obtain financing. The plaintiffs retained the $19,250 as liquidated damages pursuant to the purchase and sale agreement. The funds have remained in escrow since that date.

* Affirmed. *Pelletier* v. *Goodnoff*, 52 Conn. App. 360, 727 A.2d 229 (1999).

On January 10, 1996, the plaintiffs filed a complaint asking the court to release the deposit funds from escrow. Since that filing, numerous attempts have been made to make adequate service on the defendants. Pursuant to an order of the court, notice was published in Newsday, a newspaper published in Melville, New York, for two weeks commencing on March 13, 1997.

On July 16, 1997, a default judgment was rendered against the defendants. On September 29, 1997, the defendants filed the present motion to open the judgment claiming that they had received no actual or legal notice of the institution of this action and were therefore unable to present their defense.

## DISCUSSION

A motion to set aside a default judgment is governed by Practice Book § 17-43 and General Statutes § 52-212. "Section 52-212 requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of 'mistake, accident or other reasonable cause.' " *In re Baby Girl B.*, 224 Conn. 263, 284, 618 A.2d 1 (1992). "[I]n granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion." *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 235, 492 A.2d 159 (1985).

A default judgment should not be opened in cases where the defendants admit they received actual notice and simply chose to ignore the authority of the court. *Black* v. *Universal C.I.T. Credit Corp.*, 150 Conn. 188, 194, 187 A.2d 243 (1962). "Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment

should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, supra, 196 Conn. 240–41.

First, the defendants have offered four letters of rejection from mortgage companies as evidence that a good defense existed at the time of the judgment. Each of the four companies rejected the application on the basis of the terms requested. It appears that a good defense existed at the time that judgment was rendered against the defendants, therefore fulfilling the first prong of the test to open the judgment.

Next, the defendants claim that they never received legally sufficient service and were therefore prevented from presenting their defense. The defendants in this case are residents of New York, with a listed address of 139-15 83rd Avenue, Kew Gardens, New York, N.Y., 11435. Numerous attempts were made by the plaintiffs to effectuate service on the defendants. Because certified mail was repeatedly not claimed by the defendants, the plaintiffs were unable to obtain a default judgment. The plaintiffs therefore filed a motion for a first order of notice. The court, *Stanley, J.*, granted the motion and notice was published in New York Newsday. "If process is correctly served in a manner prescribed by [General Statutes] § 52-57a, the Connecticut court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute." *Anderson* v. *Schibi*, 33 Conn. Sup. 562, 566, 364 A.2d 853 (1976). A person outside of the state "may be served with process without the state, in the same manner as service is made within the state . . . ." General Statutes § 52-57a. Service of process in Connecticut is governed by General Statutes § 52-57, which provides in relevant part: "(a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested

copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode . . . ."[1] The plaintiffs did just this.

In addition, a New York process server personally served the defendants at the above address but failed to supply the name of the person accepting the service. Further, in their memorandum in support of the motion to open, the defendants admit that the "plaintiffs had previously made actual service on the defendants . . . ." Not until the judgment was to be executed did the defendants respond. It is well settled that a default judgment should not be opened in cases such as this where the defendants have received actual notice of a lawsuit but simply chose to ignore the authority of the court. *Black* v. *Universal C.I.T. Credit Corp.*, supra, 150 Conn. 194.

### CONCLUSION

For the reasons herein stated, the court concludes that the motion to open the judgment ought to be and is hereby denied.

---

[1] "The purpose of an order of notice is, of course, to give notice to the party being sued." (Internal quotation marks omitted.) *Cato* v. *Cato*, 27 Conn App. 142, 146, 605 A.2d 558 (1992), aff'd, 226 Conn. 1, 626 A.2d 734 (1993).