## RAYMOND PELLETIER ET AL. *v.* BELLA GOODNOFF ET AL.

### (AC 18335)

O'Connell, C. J., and Foti and Sullivan, Js.

Submitted on briefs January 28—officially released March 23, 1999

*William Howard* filed a brief for the appellants (defendants).

*Paul D. Buhl* filed a brief for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendants appeal from the judgment of the trial court denying their motion to open a judgment that was rendered in favor of the plaintiffs. The sole issue raised on appeal is whether the trial court abused its discretion in denying the motion to open. We affirm the judgment of the trial court.

Examination of the record discloses the following relevant facts. The plaintiffs live in Connecticut and the defendants live in New York. The parties entered into a purchase and sale agreement regarding a house in East Haddam. The defendants claimed that, despite their good faith efforts, they could not obtain financing to complete the transaction. They sought to terminate the agreement and a return of their $19,250 deposit,

which was being held in escrow. The plaintiffs subsequently filed this breach of contract action, claiming that the defendants were not diligent in their search for financing and, thus, the plaintiffs were entitled to recover the $19,250 deposit as liquidated damages. After numerous attempts to serve notice of the suit on the defendants, the plaintiffs eventually obtained a default judgment against the defendants, which the defendants sought to open. The trial court denied the motion to open, finding that the defendants had actual notice of the lawsuit and had not alleged or proven that they were prevented by fraud, mistake or other reasonable cause from defending the action. On appeal, the parties vigorously dispute whether the plaintiffs ever served proper notice of this action on the out-of-state defendants and whether the defendants had actual notice of the suit.

"A motion to open and vacate a judgment filed during the four months after which judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Acheson* v. *White*, 195 Conn. 211, 214–15, 487 A.2d 197 (1985). We will indulge every reasonable presumption in favor of affirming the judgment. *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 466–67, 440 A.2d 159 (1981).

Our examination of the record and briefs persuades us that the judgment of the trial court should be affirmed. The issues regarding the underlying dispute as to whether the judgment should be opened were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. *Pelletier* v. *Goodnoff*, 45 Conn. Sup. 563, 727 A.2d 277 (1998). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a

proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.