[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (RE: HABEAS CORPUS PETITION)
The petitioner Sydney Alexander Durant filed a Petition for a Writ of habeas Corpus on May 11, 1999, pursuant to ConnecticutPractice Book Sec. 23-22, seeking relief, and requesting that this court vacate his guilty pleas that were entered in the Superior Court at Waterbury on October 23, 1997. The petitioner pleaded guilty to multiple counts of possession of marijuana with intent to sell in violation of Connecticut General Statute21a-277(b) and sale of marijuana in violation of ConnecticutGeneral Statute 21a-277(b). At this time his pleas were found to have been voluntarily and knowingly entered with assistance of competent counsel by the court.
The petitioner was sentenced by the court on January 7, 1998, CT Page 9085 to a sentence of six years, execution of the sentence suspended, with three years probation. He is presently on that probation, under the supervision of the Department of Adult Probation, and, is such, he is in custody for the purpose of this habeas petition. Whiteside v. Burlant, 153 Conn. 204, 206 (1965),Connecticut General Statute Sec. 52-466a.
The United States Government has now instituted deportation proceedings against the petitioner, and a hearing regarding these deportation proceedings is scheduled for July 13, 1999 at the Immigration Court in Hartford, Connecticut.
The petitioner's claim is that he entered his pleas of guilty on his attorney's advice that the plea bargain offered would likely permit the petitioner to avoid incarceration, and that he would not suffer any adverse immigration consequences as a result of his guilty pleas, due to the fact that the petitioner was married to a United States citizen, and thus, he himself had derived United States citizenship from this marriage. The petitioner as a result of the deportation process, has learned that derivation of citizenship through marriage was not, and has never been, the law of the United States. In addition to being married to a United States citizen the petitioner was required to: make an application to the Immigration and Naturalization Service; be a lawful permanent resident of the United States for three years; show good moral character and knowledge of U.S. history and government before acquiring citizenship through naturalization. 8 U.S.C. § 1427, INA Sec. 316.
As the petitioner pleaded guilty to aggravated felonies for immigration purposes, 8 U.S.C. § 1101(a)(43)(B), he is subject to deportation from the United States. 8 U.S.C. § 1227(a)(2), INA Sec. 237(a)(2).
The petitioner claims that his counsel misrepresented serious collateral consequences of his guilty pleas, and that misrepresentations of the immigration consequences of a guilty plea constitutes substandard ineffectiveness of counsel. Peoplev. Correa, 485 N.E. 2nd, 307, 311. (Ill. 1985), People v. Soriano, 194 Cal.App.3rd 1470, 65 A.L.R. 4th 75, (1987). The petitioner further claims that previous to the entrance of his guilty pleas, he had asserted his innocence, and had he known that his guilty pleas would have meant certain deportation and separation from his wife, he would have insisted on pleading not guilty and would have proceeded to trial. CT Page 9086
The standard to be applied by a habeas court in determining whether or not an attorney has effectively represented a criminal defendant is set forth in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052 (1984). "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance and (2) actual prejudice. Phelps v. Warden, 220 Conn. 112, 132 (1991). Thus, he must establish not only that counsel's performance was deficient, but that as a result thereof, he suffered actual prejudice, namely `that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland v. Washington,supra 694. In this context a reasonable probability does not require the petitioner to show that counsel' deficient conduct more likely than not altered the outcome of the case. Id. 693. Rather, it merely requires that the petitioner establish a probability sufficient to undermine confidence in the outcome.Bunkley v. Commissioner of Corrections, 222 Conn. 444, 445-446(1992). An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Stricklandv. Washington, supra 446 U.S. 691.
Even if a defendant shows that particular errors were unreasonable, the defendant must show that they had an adverse effect on the defense. It's not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Id. 693. The petitioner must show it is reasonably probable that the errors affected the outcome of the proceeding. Id. 694. The habeas court must consider the totality of the evidence before the court. Jenkins v. Commissioner of Corrections,52 Conn. App. 360 (1999).
As the petitioner's pleas were a result of a plea negotiation, the petitioner must show that but for defense counsel's deficient performance the result would have been different. A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of the proceedings. Copas v. Commissioner of Corrections,234 Conn. 139 (1995). This right arises under the sixth andfourteenth amendments to the United States Constitution and Article first, Sec. 8 of the Connecticut Constitution. Baez v.Commissioner of Corrections, 34 Conn. App. 236, 242-243. CT Page 9087
Pretrial negotiations is a critical stage of criminal proceedings. Colson v. Smith, 438 F.2d 1075,[438 F.2d 1075], 1078 (5th Cir. 1971). Plea bargaining is an integral and essential part of the criminal justice system. Blackledge v. Allison, 431 U.S. 63, 71,97 S.Ct. 1621 (1977). A defendant relies heavily on his counsel's independent evaluation of the charges, the defenses, and the applicable law, as well as, the risks and probable outcome of any trial. The right to effective assistance of counsel includes adequate investigation of the case and facts relevant to the merits or punishment if convicted. Sieman v. Stoughton,184 Conn. 547, 566.
The same two part standard applies to claims arising from plea negotiations. The first half of Strickland remains the same for determining ineffective assistance of counsel at the plea negotiation stage. "The standard for prejudice for plea negotiations is intended to determine, but for counsel's deficient performance, the outcome of the plea process would have been different. The defendant must show that there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hillv. Lockhart, 474 U.S. 52, 59 (1985).
The petitioner must also show that any decision to plead not guilty would have been based on the likelihood that the introduction of the evidence of the defense, which was not identified because of ineffective assistance of counsel, would have been successful at trial. Copas v. Commissioner ofTransportation, 234 Conn. 139, 156 (1995).
There is no dispute between the parties to this habeas corpus proceeding that the defense counsel erred. He has provided an affidavit describing his error, and has testified at the habeas corpus hearing that he wrongly advised the defendant that he would not face deportation proceedings as a result of his guilty pleas.
Connecticut recognizes the seriousness of immigration consequences of convictions by requiring a warning to defendants before the court accepts a guilty plea. Connecticut GeneralStatutes § 54-1j. The defendant and defense counsel discussed immigration consequences of a guilty plea to the defendant, prior to the defendant accepting the plea bargain, and prior to the court's canvass of the guilty plea. The court, prior to accepting the defendant's guilty pleas, advised the defendant that CT Page 9088 deportation could be a consequence of his guilty pleas. The defendant, however, relied upon his attorney's advise that deportation was not a collateral consequence of his plea, due to the petitioner's marriage to a United States citizen.
The court agrees that information on naturalization is accessible to attorneys, and that defense counsel had an obligation to research the immigration status of his client, and to properly advise the petitioner of the consequences of a conviction for Possession of Marijuana With Intent to Sell. The Illinois Supreme Court in People v. Correa, 108 Ill. 2d. 541(1985), a case similar to this, found that "the advice counsel gave to defendant was erroneous and misleading, and under the facts of the case, was not within the range of competence required of counsel in such situations." The court found the pleas involuntary and vacated the convictions. Id., 553.
Having established that defense counsel's erroneous advice does constitute ineffectiveness of counsel, the court must now determine if the petitioner had pleaded not guilty and proceeded to trial, was there at least a reasonable probability that the result of the case would have been different.
During the months of May through July, 1997, members of the Statewide Narcotics Task Force conducted surveillance of the petitioner relating to his involvement in a drug operation. During this investigation, undercover police officers met with the petitioner for the sole purpose of buying drugs. These meetings resulted in three separate sole transactions where the petitioner allegedly exchanged marijuana for U.S. currency. A search and seizure warrant was executed against the petitioner for his car and a residence used by him. The court has read the police reports from this case, (Petitioner's Exhibit 1), and the cases appear to be extremely strong; especially the direct sales of marijuana in hand to hand transactions with the undercover police officers. This is not a case, as the respondent points out, of a fleeting identification.
The court agrees that petitioner received a favorable disposition of the cases at his sentencing. While the petitioner's counsel, during this time, may have been ineffective while advising him of immigration and deportation consequences of guilty pleas, he clearly obtained a favorable disposition and sentence for the petitioner. His jail sentence exposure was significant, and he was allowed to remain at liberty. This court CT Page 9089 is not convinced that there is a reasonable probability, that but for counsel's wrongful advice, the petitioner would have pleaded not guilty and proceeded to trial.
To satisfy the prejudice prong of the Strickland test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Levine v. Manson, 195 Conn. 636, 640 (1985). The petitioner must sustain the burden of proof that the outcome of the case would have actually been different. Evans v.Commissioner of Corrections, 37 Conn. App. 672, 680 (1995).
The habeas court is not convinced that the petitioner has sustained the burden of proof that there exists a reasonable probability that but for counsel's errors, the result of the proceedings would have been different.
Accordingly, the petitioner's writ of habeas corpus is denied.
The Court
By Arnold, J.