[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
The Defendant, Samuel Mills, filed this motion to dismiss to contest the personal and subject matter jurisdiction of the court over this petition brought pursuant to General Statutes § 46a-95[1] by the Plaintiffs, Commission on Human Rights and Opportunities (CHRO) and Lynne Thomas, to enforce an order of a CHRO hearing officer. The issues to be determined are whether service of process made pursuant to General Statutes § 52-57a[2] is adequate to confer personal jurisdiction over an out-of-state defendant and whether this court has subject matter jurisdiction over this enforcement petition.
The Plaintiffs have alleged the following facts. On March 7, 1995, Lynne Thomas filed an administrative complaint with the CHRO charging the Defendant with discrimination and harassment based on Lynne Thomas' sexual orientation and physical disability. The CHRO served the Defendant with a copy of the complaint at his Connecticut address. The Defendant, subsequently, filed a written response with the CHRO. On September 11, 1996, after an investigation, the CHRO sent the Defendant, by certified mail, notice of public hearing and a copy of the complaint to the Defendant's Connecticut address, stating that the Defendant was required to answer the complaint within fifteen days and that failure to do so would be deemed an admission of the allegations of the complaint. The Defendant never filed an answer to the administrative complaint, and, subsequently, on June 25, 1997, the CHRO hearing officer entered an order of default pursuant to General Statutes § 46a-84 (f)[3] against the Defendant. The CHRO alleges that, after the order of default was entered, it sent a notice of a hearing in damages to the Defendant at his Connecticut address. The Defendant did not appear for the hearing in damages, and the hearing officer issued his decision on August 5, 1998, awarding Lynne Thomas compensatory damages and issuing a cease and desist order.
The Plaintiffs further allege that, sometime after Lynne Thomas filed her administrative complaint, but before the public hearing was held, the Defendant moved to California without notifying either Plaintiff. The appeal period for administrative decisions has passed,[4] and the Defendant has yet to comply with any of the CHRO orders. CT Page 7644
The grounds which may be asserted in a motion to dismiss are: "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." (Internal quotation marks omitted.)Malasky v. Metal Products Corp., 44 Conn. App. 446, 451-52 n. 8,689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539 (1997); see also Practice Book § 10-31 (formerly § 143)." [A] motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983).
The Defendant argues that the court lacks personal jurisdiction over the Defendant because of the insufficiency of process and insufficiency of the service of process of the enforcement petition. The Defendant contends that because he was living in California at the time the petition was brought, the Plaintiffs are required to accomplish service of process pursuant to General Statutes § 52-59b(c).[5]
Specifically, the Defendant argues that the Plaintiffs did not make service of process on the Secretary of the State and did not make service of process on the Defendant by registered or certified mail, with an endorsement thereon of the service upon the Secretary of the State, as required by the statute.
Both the CHRO and Lynne Thomas argue that General Statutes § 52-59b
is not the exclusive method for service of process on an out-of-state defendant. They contend that the service of process made on the Defendant pursuant to General Statutes § 52-57a is an adequate alternative method for service of process on an out-of-state defendant for the purposes of personal jurisdiction.
In Anderson v. Schibi, 33 Conn. Sup. 562, 566, 364 A.2d 853 (1976), the court held that General Statutes § 52-59b (c) is not the exclusive method for service of process on an out-of-state defendant and that "[i]f process is correctly served in a manner prescribed by § 52-57a, the Connecticut court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute." See Pelletier v.Goodnoff, 45 Conn. Sup. 563, 727 A.2d 277 (1998), aff'd, 52 Conn. Ann. 360, 727 A.2d 229 (1999).
Section 52-57a allows for service of process to be made on an out-of-state defendant in the same manner as service made within the state provided that the person to be served is subject to the jurisdiction of the court. On March 5, 1999, the Defendant's wife was served at their abode at 139448 Via Rimini, San Diego, California. It is undisputed that the service of process effectuated by the Plaintiffs conformed to the service of process requirements of General Statutes CT Page 7645 § 52-57a and that the Defendant is certainly subject to the jurisdiction of the court. At the time of the incident, the Defendant resided in Connecticut, was served an administrative complaint at his Connecticut address and filed a written response to that complaint. All of the conduct complained of by the Plaintiffs occurred in Connecticut. (Defendant's Memorandum, pp. 5-6.) Therefore, the court has personal jurisdiction over the Defendant.
The Defendant also argues that the court lacks subject matter jurisdiction over this enforcement petition because the Defendant, due to his relocation to California, did not receive notice of the public hearing or notice of the hearing in damages as required by General Statutes § 4-177[6] as well as not receiving the final order of the presiding hearing officer pursuant to General Statutes § 4-180.[7]
The Defendant contends that the CHRO failed to comply with the requirements set forth in these statutes and, therefore, the court is deprived of subject matter jurisdiction.
The Defendant's arguments, however, raise issues as to the validity of the CHRO hearing officer's order, and are not directed at whether the court has subject matter jurisdiction over this enforcement petition. Section 46a-95 (a) clearly authorizes the Superior Court to hear matters of this type. Furthermore, the Defendant has not cited any case law or statute suggesting that the court lacks subject matter jurisdiction over an enforcement petition due to claimed procedural or substantive deficiencies of the order sought to be enforced. Rather, such issues are directed as the merits of the petition for enforcement, which the court may or may not be able to consider, depending on the circumstances.[8]
See General Statutes § 46a-95 (e); see also Commission on HumanRights Opportunities v. Teamsters Union, Local 536, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 378941 (November 19, 1991, Schaller, J.) (where court, in an action brought pursuant to § 46a-95 (a), exercised jurisdiction to strike defendant's special defenses and counterclaim attacking, inter alia, validity of the hearing officer's order on the ground that federal preemption deprived the commission of jurisdiction).
As General Statutes § 52-57a is an alternative method for service of process on an out-of-state defendant, the court acquired personal jurisdiction over the Defendant when service was made at the Defendant's abode. The court also has subject matter jurisdiction over the enforcement petition pursuant to General Statutes § 46a-95. Accordingly, the Defendant's motion to dismiss is denied.
David L. Fineberg Superior Court Judge CT Page 7646