[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT
In March 1999, the plaintiff, Wilfredo Nieves, hired the defendant, Tri-State Construction Planners Associates Corporation, a home improvement contractor, to make some renovations to his home. The plaintiff brought this action against the defendant for damages that the defendant allegedly caused to the plaintiff's home while making the renovations.[1] On or about March 9, 2000, a notice of default was entered against the defendant for failure to appear. On or about May 8, 2000, judgment upon the default was entered against the defendant by the court, Karazin, J. Notice of the judgment was sent to the defendant on May 23, 2000. On August 18, 2000, the defendant moved to open or set aside the judgment, dismiss the action and stay enforcement on four grounds: (1) service on the defendant was not proper as it did not meet the statutory requirements of Connecticut General Statutes § 33-929
(b); (2) the plaintiff and the court failed to order a statutory continuance pursuant to Connecticut General Statutes § 52-87 (b); (3) the defendant failed to appear by virtue of a mistake or accident; and (4) despite a diligent attempt, the defendant had trouble obtaining counsel and was unable to find an attorney in time to defend this action.
"[The] determination of whether to set aside [a] default is within the discretion of the trial court . . . and will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Brackets in original; citations omitted; internal quotation marks omitted.) Higgins v. Karp, 243 Conn. 495, 508, 706 A.2d 1 (1998). "A trial court's conclusions are not erroneous unless they violate law, logic, reason or are inconsistent with the subordinate facts of the finding." (Internal quotation marks omitted.) Telespectrum World v. MesaPartners, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167476 (January 18, 2000, Karazin, J.).
First, the defendant argues that the plaintiff did not meet the service of process requirements of General Statutes § 33-929 (b)[2] because service was not addressed to the defendant's secretary. The plaintiff CT Page 1889 responds that General Statutes § 33-929 (g)[3] is the applicable subsection of the statute because the defendant is a foreign corporation not authorized to do business in Connecticut and therefore, service need only be addressed to the corporation and not to its secretary. At oral argument on November 27, 2000, the defendant conceded that it is a foreign corporation not authorized to do business within the state. Moreover, process was served upon the defendant in accordance with General Statutes § 33-929 (g). Consequently, the court finds that General Statutes § 33-929 (g) is the applicable subsection of the statute and that there was proper service on the defendant.
Next, the defendant argues that the judgment should be opened because the court and the plaintiff failed to order a statutory continuance pursuant to General Statutes § 52-87 (b)[4] which pertains to a non-resident defendant who does not receive actual notice of the pending action. The plaintiff responds that the defendant was not entitled to the continuance because the defendant had actual notice and therefore, General Statutes § 52-87 (d)[5] is applicable.
In the April 18, 2000, hearing on damages, the court, Karazin, J.,
found that the defendant had received actual notice by virtue of the plaintiff's service on the defendant. "The existence of actual or constructive notice is a question of fact properly within the province of the trial court." (Internal quotation marks omitted.) Telespectrum Worldv. Mesa Partners, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167476 (January 18, 2000, Karazin, J.). Consequently, this court finds that the defendant was deemed to have actual notice of the pending action and therefore, there was no need to have a continuance.
Next, the defendant argues that his failure to appear was predicated on a mistake or accident and therefore, the default judgment may be set aside pursuant to Practice Book § 17-43.[6] The defendant argues that in March 2000, the defendant became aware of an application to dissolve a mechanics lien that the defendant had brought against the plaintiff which was captioned similarly to the notice of default in this action. As a result, the defendant argues that it was not aware that there was a separate action apart from the mechanics lien application. The defendant claims it did not become aware of the separate action until the day after the default judgment was entered against the defendant, in April 2000.
The court is not persuaded by the defendant's argument. In this case, the defendant had actual notice of the pending case by reason of the CT Page 1890 attempted service that it chose to refuse. Refusing proper service does not constitute a demonstration of mistake, accident or other reasonable cause that would prevent the defendant from defending the plaintiff's case. See Fontaine v. Thomas, 51 Conn. App. 77, 83, 720 A.2d 264 (1998). Consequently, the court finds that there was no mistake or: accident on the part of the defendant.
Finally, the defendant argues that it diligently attempted to obtain counsel, but because the defendant did not know of the existence of the pending action, the defendant was unable to defend itself before a default judgment could be entered. Again, the court is unpersuaded by the defendant's argument. As previously discussed, the defendant had actual notice of the pending action against it and therefore, had ample time to hire counsel to defend it in this action.
"It is well settled that a default judgment should not be opened in cases . . . where the [defendant has] received actual notice of a lawsuit but simply [chooses] to ignore the authority of the court." Pelletier v.Goodnoff, 45 Conn. Sup. 563, 566, 27 A.2d 277 (1998); aff'd,52 Conn. App. 360, 727 A.2d 229 (1999). Accordingly, the defendant's motion to open or set aside the judgment is hereby denied and the defendant's motion to dismiss for lack of jurisdiction is denied.
So Ordered.
D'ANDREA, J.