[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO DISMISS BASED INTER ALIA,
CT Page 2934 UPON NONCOMPLIANCE WITH C.G.S. § 52-592
By a motion to dismiss defendant David Rich challenges plaintiff Janice Disiervi's pending action, filed under Conn. Gen. Stat. Sec. 52-592
— also known as the accidental failure of suit statute. The defendant sets forth two arguments in support of his motion to dismiss; namely, 1) that the plaintiff's failure to prosecute her original case amounts to more than mere mistake, inadvertence or excusable neglect for which a new action would be permissible under C.G.S. § 52-592; and 2) that the plaintiff has not effected service of process.
 Factual Background
The underlying claim against defendant David Rich is that he allegedly performed substandard work in the construction of an addition to the plaintiff's house which caused her substantial damages and losses. On February 14, 1995, plaintiff Janice Disiervi filed an Application for Prejudgment Remedy in conjunction with her complaint in her original lawsuit against defendant David Rich. Service of process was made by the deputy sheriff leaving a copy of the writ, summons, complaint and Application for Prejudgment Remedy at David Rich's then place of abode in Hamden, Connecticut.
On March 6, 1995, the Court (Booth, J.) granted the application for prejudgment remedy by permitting an attachment on defendant David Rich's real property as security for any judgment which she may recover against him. Thereafter numerous motions were filed, the case was dismissed twice pursuant to Conn. Prac. Bk. § 14-3 for lack of diligence, and restored twice to the docket. On June 18, 1999, the court issued another order of dismissal under Conn. Prac. Bk. § 14-3.[1]
Apparently sometime after the commencement of the original lawsuit David Rich moved from Connecticut and established a residence at 4788 N View Road, NW, Kennesaw, Georgia. At least this is the address which a locator service identifies as his address.'
 The Present Civil Action
On June 11, 2000, plaintiff Janice Disiervi filed this action under authority of C.G.S. § 52-592 (a) which states in material part that "[i]f any action . . . has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form the plaintiff may commence a new action, for the same cause at any time within one year after the determination of the CT Page 2935 original action. . . ." (emphasis added.) The plaintiff asserts that the dismissal of the original action on June 18, 1999, pursuant to Conn. Prac. Bk. § 14-3 is tantamount to the avoiding of the original action due to a "matter of form," and that, thus, the present new action is properly before the Court.
Citing inter alia, Ruddock v. Burrowes, 243 Conn. 569 (1998) the defendant through counsel argues that since the original action was dismissed on numerous occasions, its failure to go to judgment on the merits was not due to inexcusable neglect and not to any "lack of form"
as that term is used in Conn. Gen. Stat. Sec. 52-592. The plaintiff responds by arguing that since the filing of the original action the defendant complicated the case by filing a bankruptcy proceeding, from which she had to obtain relief, and by not actively responding to his appearance obligation. The plaintiff further argues that subsequent to filing his appearance the defendant filed numerous pleadings, and that the prior dismissal was not a sanction for failure to follow a court order. The plaintiff also notes that she had to care for ailing parents during the pendency of the prior action
The court has reviewed the pleadings and the memoranda in this case. It is apparent from the pleadings that a substantial amount of work has been devoted to this case. The court finds that the prior action was not dismissed as a sanction for not complying with a court order. Based upon the arguments and counter-arguments as well as the totality of the circumstances, the court further finds that the present action meets the definition of a failure of merit resolution due to a "matter of form" as contemplated by C.G.S. § 52-529 (a), and that it ought and shall be permitted to proceed.
Defendant David Rich's second ground of challenge is one of lack of jurisdiction due to an alleged failure of service of process for this new pending action. As stated earlier, the plaintiff attests that by using the defendant's name and social security number he located his new residence address at 4788 North View Road in Kennesaw Georgia. The plaintiff maintains that she then served the defendant there pursuant to C.G.S. § 52-59b by having the deputy sheriff make service upon the Secretary of the State of Connecticut, and by mailing through certified mail an attested copy of the process to the defendant at his residence address in Georgia.
Conn. Gen. Stat. Sec. 52-59b entitled "[j]urisdiction of courts over nonresidents and foreign partnerships [s]ervice of process" sets out one of the methods for serving process upon someone like the defendant who ostensible is not a resident of Connecticut. The statute includes the following directive: CT Page 2936
 The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State . . . a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State.
Although not disputing the plaintiff's contention that he has moved from his former residence in Connecticut to Georgia, the defendant through counsel maintains that there is no evidence that he received notice and that the defendant has not contacted his counsel to indicate that service was made.
The court finds that in the "Sheriff's Court Return" the Deputy Sheriff attests that on June 22, he served the non-resident defendant David Rich by "leaving a true and attested copy of the writ, summons, complaint and statement of amount in demand at the Office of the Secretary of State of Connecticut," and thereafter by posting to the defendant a copy of the same "with his doings of service upon the Secretary of State"in the United States Post Office via certified mail to the following address: 4788 North View Road, Kennesaw, Georgia.
The court further finds that the attestation in the sheriff's return shows that the service of process on the defendant in this case comports with the requirement of service set out in C.G.S. § 52-59b.[2] For a general discussion in this regard see Pelletier v. Goodnoff45 Conn. Sup. 563, aff'd 52 Conn. App. 360 (1999).
For the foregoing reasons, the defendant's motion to dismiss is denied.
Clarance J. Jones, Judge