[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#104)
Presently before the court is a motion to dismiss contesting the sufficiency of the service of process purportedly effectuated on a nonresident defendant. The plaintiff, Jacqueline Stover, executrix of the CT Page 3214 estate of Anna Lacava, filed her complaint on January 9, 2000, alleging that the defendant, Marianne Fightlin, her sister, converted certain funds from a savings passbook account by means of an improper power of attorney.
The return indicates that the sheriff sent by certified mail a true and attested copy of the original writ, summons and complaint to the defendant's address in Minnesota on June 2, 2000 pursuant to the First Order of Notice. The defendant argues that the motion to dismiss should be granted because the return does not indicate that return receipt was requested and that the sheriff did not file a supplemental return indicating whether or not the defendant personally received the writ, summons and complaint. Attached to the motion to dismiss is the defendant's affidavit, which indicates that she is a fifteen year resident of Minnesota; that she never received a copy of the writ, summons and complaint; and that she first became aware of the action when she received a motion for default for failure to appear. The plaintiff has not filed any opposition to the motion to dismiss.
"The grounds which may be asserted in a motion to dismiss are: "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." (Internal quotation marks omitted.) Malasky v. Metal Products Corp., 44 Conn. App. 446, 451-52
n. 8, 689 A.2d 1145, cert. denied, 241 Conn. 906. 695 A.2d 539 (1997); see also Practice Book § 10-31. "In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Where, however, . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59. 62, 539 A.2d 1000 (1988).
The nonresident defendant in the present conversion action would be subject to the court's jurisdiction pursuant to Connecticut's long arm statute, General Statutes § 52-59b[1], based on the commission of a tortious act within the state. The First Order of Notice, dated May 25, 2000, required the plaintiff to serve the defendant by "depositing a true and attested copy of the writ, summons, complaint and this order of notice in a post office, postage paid, letter certified, personal return receipt requested, directed to the defendant. . . ."[2] The sheriff's return does not indicate whether a return receipt was requested and, CT Page 3215 therefore, the court finds that the plaintiff did not comply with the requirements of the notice.
Furthermore, the type of service attempted by the plaintiff does not comport with any other applicable service of process procedure. InAnderson v. Schibi, 33 Conn. Sup. 562, 566, 364 A.2d 853 (1976), the court held that General Statutes § 52-59b (c) is not the exclusive method for service of process on an out-of-state defendant and that "[i]f process is correctly served in a manner prescribed by § 52-57a, the Connecticut court has personal jurisdiction over a nonresident defendant in an action brought under the long-arm statute." See Pelletier v.Goodnoff, 45 Conn. Sup. 563, 727 A.2d 277 (1998), aff'd, 52 Conn. App. 360,727 A.2d 229 (1999). There is no indication from the record provided that the Secretary of State was served pursuant to General Statutes §52-59b[3], therefore, the court must analyze whether attempted service of process complied with General Statutes §§ 52-57a and 52-57. Section52-57 requires that, except as otherwise provided, "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." The certified letter does not conform to the requirements of the either § 52-57 or § 52-59b.MGA, Inc. v. Goellner, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154820 (May 28, 1997, Ryan,J.). Accordingly, the motion to dismiss is granted.
It is so ordered.
By the court,
Gilardi, J.