[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Richardson E. Jacques, and defendant, Josiane Jacques, were married on February 20, 1999 in Haiti and resided in Waterbury, Connecticut for at least one year during their marriage. The plaintiff is a Haitian national and naturalized American citizen. The defendant, is a Haitian citizen and was a temporary resident alien of the United States. The defendant currently resides in Haiti.
On November 16, 2000, the plaintiff filed a petition for marital dissolution at the Judicial District of Waterbury Superior Court. The plaintiff served process on the defendant, by way of in-hand service on November 14, 2000 in Port-au-Prince, Haiti. Service of process was made by Jacques A. Marcelin, a Marshal registered at the Clerk's Office of the High Court of Port-au-Prince, Haiti.[1] The defendant was summoned to appear on or before December 1, 2000. The defendant has not filed an appearance in the matter.
Connecticut Law
Section 46b-46(a) provides in part: "(a) On a complaint for dissolution . . . if the defendant resides out of . . . the state . . . any judge or clerk of the Supreme Court or of the Superior Court may make such order of notice as he deems reasonable. After notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant has actually received notice that the complaint is pending. If it does not appear that the defendant has had such notice, the court may hear the case, or, if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with." "Subsection (a) confers jurisdiction upon a court to deal with complaints for dissolution . . . when the defendant is a nonresident . . . and describes the procedures that are to be followed to give such a nonresident party actual notice of the pending proceedings, and authorizes the court to hear the complaint." (Citations omitted; internal quotation marks omitted.) Cato v. Cato, 226 Conn. 1, 5-6,626 A.2d 734 (1993).
"[T]he first sentence of 46b-46(a) is permissive and merely gives a judge or clerk the option of issuing an order of notice." Id., 6. "[S]ubsection (a) provides one method, but not the only method, of providing notice to a defendant." Id., 8. "The purpose of an order of notice is to ensure that the defendant actually receives notice." Id. The CT Page 6552 Connecticut Supreme Court has noted that "in-hand service of process is the best and highest type of service and should be used whenever possible." (Internal quotation marks omitted.) Id. Therefore, the Court held that "where service of process, can be accomplished by the most reliable means — that is, in-hand service of process by a process server in accordance with 52-57a — an order of notice is not required pursuant to 46b-46." Id., 9.
General Statutes § 52-57a provides: "A person domiciled in or subject to the jurisdiction of the courts of this state or his executor or administrator, may be served with process without the state, in the same manner as service is made within the state, by any person authorized to make service by the laws of the state, territory, possession or country in which service is to be made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction." See e.g., Cato v. Cato, supra, 226 Conn. 3 (defendant served in Texas);Pelletier v. Goodnoff, 45 Conn. Sup. 563, 727 A.2d 277 (1998), aff'd,52 Conn. App. 360, 727 A.2d 229 (1999) (New York defendants); Commissionon Human Rights v. Mills, Superior Court, judicial district of Hartford, Docket No. 588050 (June 20, 2000, Fineberg, J.) (defendants served in California); Bednaz v. Svindland, Superior Court, judicial district of New Haven at New Haven, Docket No. 4259358 (June 12, 2000, Alander, J.) (defendant served in New York); Butler v. Butler, Superior Court, judicial district of Stamford-Norwalk at Stamford Docket No. 123926 (July 13, 1992, Rush, J.) (Maryland); Grenon v. Duclos, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506717 (July 6, 1992, Hennessey, J.) (Massachusetts); Anderson v. Schibi,33 Conn. Sup. 562, 568 (1976) (New York defendants served at their usual place of abode.). If the defendant lived in the United States in a state other than Connecticut, service of process would have been proper under § 52-57a because the defendant was personally served by an authorized server.
In this case, the defendant lives in Haiti. Therefore, the plaintiff must also comply with the requirements in § 52-59d. Section 52-59d(a) provides: "notwithstanding any provision of the general statutes relating to service of process, civil process shall not be served outside of the United States of America in violation of any applicable treaty or convention, including without limitation, the Hague Convention on Service of Process Abroad." See also Federal Rule 4(f).[2]
Hague Convention
The Hague Convention on Service of Process Abroad is not applicable in the present case because Haiti is not a signatory to the Convention. Research. has not revealed any Connecticut cases that apply § 52-59d
CT Page 6553 to service of process on a party in a country that is not a signatory to the Hague Convention on Service of Process Abroad. See e.g., HospitalitySystems, Inc. v. Oriental World Trading Company, Inc., Superior Court, judicial district of Stamford — Norwalk at Stamford, Docket No. 169927 (February 1, 2000, Karazin, J.) (service of process on Hong Kong corporation was invalid under § 52-59d and the Hague Convention on Service of Process Abroad); Leandres v. Mazda Motor Corporation, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351600 (November 12, 1999, Melville, J.) (service of process on a Japanese corporation pursuant to the Hague Convention); Roden v. Chain SawsUnlimited, Superior Court, judicial district of Waterbury, Docket No. 139967 (March 26, 1999, Leheny, J.) (same); Robillard v. Asahi ChemicalIndustry, Co., Ltd., Superior Court, judicial district of Hartford — New Britain at Hartford, Docket No. 539213 (November 7, 1995,Corradino, J.) (same); Buitekant v. Zotos International, Inc., Superior Court, judicial district of Stamford — Norwalk at Stamford, Docket No. 135874 (October 12, 1994, Mottolese, J.) (same).
The burden of proof is on the plaintiff in this case to prove jurisdiction over the person. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 54, 459 A.2d 503 (1983). The plaintiff has not met his burden. He has not provided any authority in Haitian law to support his position that service of process was proper in this case. The plaintiff has attempted to argue that service of process was proper under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Haiti is not a signatory to the Hague Convention. Therefore, these arguments are without merit. SeePizzabiocche v. Vinelli, supra, 772 F. Sup. 1245 (rejecting the assertion that the Inter-American Convention, should be interpreted in accordance with the case law interpreting the Hague Convention).
SANDRA VILARDI LEHENY, J.