[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
The complainant Juliet Scott filed an administrative complaint with the Commission on Human Rights and Opportunities ("CHRO") in 1998. She alleged that the defendant Muhammad, formerly known as Robert Jemison, and Crescent Realty, Inc., discriminated against her in the housing context on the basis of her color, marital and family status. The CHRO investigated and found reasonable cause that a discriminatory practice had occurred. The complaint was certified to a public hearing presided over by a Human Rights Referee. See § 46a-84 of the General Statutes. The referee entered a default against the defendants, and subsequently conducted a hearing in damages. The referee awarded Scott CT Page 8905 compensatory damages in the amount of approximately $6,000 and attorney fees and costs in the amount of approximately $25,000. The was dismissed by the Superior Court as untimely. See Muammar Muhammad v. ConnecticutCommission on Human Rights, CV 00 0502216. The commission and Ms. Scott then filed the instant action for enforcement of a commission order pursuant to § 46a-95 of the General Statutes. The petitioners essentially alleged the foregoing, as well as the award of the referee of 10% interest annually pursuant to § 37-3a of the General Statutes, added that the respondents have not complied with the order of payment, and seek an order enforcing the decision of the referee.
The respondents filed an "answer and counterclaims" on October 19, 2000. The answer does not admit or deny the various numbered paragraphs of the petition; rather, it responds to the petition only by denying the complaint "insofar as it is alleged that a lawful enforceable order awarding attorneys' fees and damages exists." The document then lists six special defenses. The first alleges that the petitioners failed to comply with § 46a-95 (c), which requires that the commission to send a copy of the petition by registered or certified mail to each of the parties to the action before the commission and that this court is thereby without jurisdiction to hear the petition. The second defense alleges that the referee found that the respondent Muhammad was also racially biased against whites, and that there had been no notice or charge of such bias. Due process was allegedly violated as a result. The third special defense alleges that the referee's decision was erroneous for a number of vaguely stated reasons, including "violation of constitutional or statutory provisions; made upon unlawful procedure; and clearly erroneous m view of the reliable, probative, and substantial evidence on the whole record." The fourth special defense alleges that the referee erroneously refused to grant a continuance and refused to set aside a default, and that he abused his discretion by showing bias against and hostility toward Mr. Mohammad. The fifth special defense alleged that the referee ignored a prior "administrative finding" by the City of Hartford that the tenant, Ms. Scott, had been responsible for various damages to the unit in question rather that Mr. Mohammad. The sixth special defense alleges that equal protection is violated by the provisions of § 46a-101
(c), which allow complainants but not respondents the qualified ability to pursue judicial remedies, including trial by jury. Finally, the respondents have asserted a counterclaim seeking affirmative relief for a number of claimed infirmities, including the alleged failure to inform of the claim of bias against whites.
The petitioners have moved to strike the defenses and counterclaim. As to the first defense, the claim that notice of the petition was not sent by certified or registered mail pursuant to § 46a-95 (c) of the General Statutes, the petitioners claim that the language of the statute CT Page 8906 is directory rather than mandatory and, in any event, any violation would be harmless in light of service of the actual petition before it was filed in court. As to the other defenses and the counterclaim, the petitioners claim that § 46a-95 (e) of the General Statutes bars their consideration at this point, because they are issues that could have been raised before the hearing referee or on appeal.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. Practice Book § 10-39. The motion admits all facts that are well pleaded; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985); but does not admit legal conclusions or the truth or accuracy of opinions. Maloney v. Conroy,208 Conn. 392, 394, 545 A.2d 1059 (1988). On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. Practice Book § 10-39(a). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Grout, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992)." Bennett v. Connecticut Hospice,Inc., 56 Conn. App. 134, 136-37 (1999). The complaint should be construed in the manner most favorable to sustaining legal sufficiency. Id., 137.
The function of a special defense is to allege facts outside the allegations of the complaint which, if true, would defeat the cause of action. Section 10-50 of the Practice Book. If a special defense alleges facts which, in combination with reasonable inferences from the facts as construed most favorably to the validity of the defense, can not defeat the cause of action even if true, then a motion to strike the defense should be granted.
Some background discussion of the nature of the petition for an enforcement order is necessary. If a CHRO investigator receives a complaint and finds that it is supported by reasonable cause, and the dispute cannot be resolved by informal means, the commission schedules a hearing before a hearing officer, hearing adjudicator or human rights referee. Sections 46a-82 and 46a-84 of the General Statutes. If the presiding officer finds a discriminatory practice, he makes findings of facts and may award damages, among other forms of relief. Section 46a-86
of the General Statutes. Certain aggrieved parties may appeal from such an order of the presiding officer in accordance with § 4-183 of the General Statutes, which is a part of the Uniform Administrative Procedure Act. The record forwarded in this case reveals that the respondents in this action were defaulted in the administrative proceeding and orders were entered against them in, effectively, a hearing in damages and that the respondents attempted to appeal, but, as mentioned above, the appeal CT Page 8907 was dismissed by this court (Cohn, J.).
If the commission wishes to enforce an order, it may apply to this court for an enforcement order pursuant to § 46a-95 of the General Statutes. The commission is to file a record of proceedings below, including "the pleadings and testimony upon which the order was made and the finding and orders of the presiding officer." Section 46a-95 (b) of the General Statutes. Within five days of filing the petition, the commission "shall cause a notice of the petition to be sent by certified or registered mail to all parties or their representatives." Section46a-95 (c) of the General Statutes. Section 46a-95 (d) then provides that this court shall have jurisdiction of the matter, has the power to grant injunctive and other relief; and shall (3) enter, based on the pleadings, testimony and proceedings set forth in the transcript, a decree enforcing, modifying and enforcing as so modified, or remanding to the commission or presiding officer, in whole or in part, any order of the commission or presiding officer. Section 46a-95 (e), which is relied upon by the petitioners in this case, provides that "[n]o objection or defense that has not been urged before the presiding officer or that was raised or could have been raised on appeal under section 46a-94a, may be considered by the court, unless the failure to urge such objection is excused because of extraordinary circumstances." The court may order additional evidence to he heard by the presiding officer, pursuant to § 46a-95 (f) and the finding of facts shall be conclusive as to the facts if supported by "substantial and competent evidence". Section46a-95 (h) of the General Statutes.
The action of the Superior Court, in acting on a petition for an enforcement order, is quite clearly more than ministerial. Some aspects of the role of the Superior Court are similar to those exercised in an appeal, such as examining the record to determine if the action is supported by substantial and competent evidence — compare § 4-183 of the General Statutes — and fashioning suitable relief from the record presented. There is a real tension, however, between the language of § 46a-95 (d), which implies that the court is to examine the record to determine the appropriate relief; with the understanding that the presiding officer's finding of facts is conclusive if supported by substantial and competent evidence, and the language of § 46a-95
(e), which indicates, essentially, that no new material or issues is to be considered by the court in the consideration of an enforcement order, nor is the court to consider any objection or defense which was or could have been raised on appeal under § 46a-94a of the General Statutes. The court, then, is not to consider any new objection or defense, or any objection or defense that could have been raised on appeal, absent extraordinary circumstances, but is to examine the record in its consideration of the petition for the enforcement order. CT Page 8908
I have reviewed all of the reported and unreported decisions which mention § 46a-95 of the General Statutes, and none that I found address the relationship between § 46a-94a and § 46a-95. From the language used and the procedures mandated in the sections, it seems fairly clear that an appeal-like process is contemplated by the legislature in the consideration of the petition for the enforcement order: the record is to be certified, the decision is to be made on the record unless exceptional circumstances exist, the facts found below are presumptively though not conclusively accepted, and orders may be entered to enforce the order, to remand for further proceedings, and so forth. The review is severely limited by subsection (e): the enforcement action is not intended to be a rehearing of the matter at the Superior Court level, nor is it intended to be a substitute for appeal.
Because the process of an action for an enforcement, though not the exact substance, resembles an appeal, the use of the motion to strike on the basis of § 46a-95 (e) is somewhat awkward. For in order to make the argument that a particular issue could have been raised on appeal, for example, a party necessarily has to refer to the record; by doing so, the party has necessarily resorted to facts outside the allegations of the pleadings. The concept of the special defense itself raises some difficulty in the enforcement context: the "defense" referred to in § 46a-95 (e) seems to refer to defenses to the complaint in the administrative action which may or may not be considered by the Superior Court in reviewing the action, rather than to defenses to the petition. Partly because the process is intended to be relatively speedy; see § 46a-96 of the General Statutes; it seems to me that the appropriate procedure upon the filing of a petition would be to schedule a hearing, at which any requests for additional evidence pursuant to § 46a-95 (f) could be made, as could any claims that unraised or previously decided issues should be decided because of extraordinary circumstances. See § 46a-95 (e). The court in its discretion could schedule future events, if any.
In any event, I will consider the motion in the form presented by the parties, with the foregoing discussion in mind. The first special defense alleges that the notice provision of § 46a-95 (c) was violated, in that a separate notice of the petition was not sent within five days of the filing of the petition in court. The motion to strike the defense claims that relief cannot be granted on this defense because the notice provision is directory rather than mandatory and, in any event, the respondents could not have been harmed because the petition itself was served upon them prior to service and there appears to be no claim of lack of actual notice. Although it is perhaps arguable that the attack upon the defense regarding notice perhaps should have been raised by means CT Page 8909 of a motion to dismiss rather than a motion to strike[1], I will consider the issue because that ground was not urged by any party.
The motion to strike the first special defense is granted. Although the issue requires an inquiry outside the pleading and is therefore ordinarily not appropriately determined by means of a motion to strike;Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990); the only pleading which I consider outside the technical parameter of the pleadings is the return of service, which does appear in the court's file. If not a pleading, it is certainly a document of which the court may take notice without the taking of evidence.
The petitioners, while apparently conceding that notice was directed by statute, claim that the requirement was directory; see Tolly v.Department of Human Resources, 225 Conn. 13, 27-28 (1993); and in any event any omission as to the respondents was harmless by any standard. I agree that any violation of the statutory requirement of § 46a-95 (c) was harmless as to the respondents[2], because the sheriff's return shows that the petition was served on the respondents on June 28, 2000. Section 46a-95 (c) requires that a notice of the petition be mailed to all parties within five days of the filing of the petition, which would have been by July 15, 2001.
An examination of the other special defenses reveals that they are matters which are at least superficially barred by § 46a-95 (e) and that no facts were specifically alleged stating extraordinary circumstances. The motion to strike them is therefore granted.[3] CHROv. Mills, 27 CLR 382 (June 20, 2000) (Fineberg, J.); CHRO v. TeamstersUnion Local 536, 1991 Conn. Super. 2681 (November 19, 1991) (Schaller,J.). The respondents did not seem to deny that the matters could have been raised on appeal.
Finally, the motion to strike is also granted as to the counterclaim. Insofar as the counterclaim seeks to defeat the petition, it is barred for the same reason that bars the special defenses: section 46a-95 (e) of the General Statutes. Insofar as the counterclaim seeks to allege affirmative relief; I also grant the motion to strike. The counterclaim as stated is not an orderly set of fact pleadings. See §§ 10-1 and10-2 of the Practice Book. Perhaps more critically, I do not believe that is appropriate to add claims for affirmative relief; which would presumably require a plenary evidential trial, perhaps with a jury, to what is designed to be a speedy review of the record and an order regarding relief Allowing counterclaims such as the one at issue would add months or years to the proceedings, and in many instances could effectively destroy the effectiveness of the procedure contemplated by the legislature.[4]
CT Page 8910
So ordered.
 ____________________ BEACH, JUDGE